WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas L. Kehmeier, | No. CV-16-4257-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| United States Department of Justice Tax Division, | |
| Defendant. | |

Defendant U.S. Department of Justice, Tax Division ("DOJ") moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) because the Court does not have subject matter jurisdiction over Plaintiff Thomas Kehmeier's complaint. (Doc. 9) Because the Court agrees with this analysis, DOJ's motion will be granted. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).

<u>Background</u>. Kehmeier, an experienced *pro per* litigant[1], submitted the following request for records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

> All records identifying a federal statute imposing a tax that expressly authorizes the Secretary, under Title 26 U.S.C. § 3402(a)(1), to prescribe tax tables or computational procedures to use in measuring a tax.

---

[1] In the District of Arizona alone, Kehmeier has filed three other lawsuits against the United States. *Kehmeier v. U.S.*, 2:16-CV-03318-BSB; *Kehmeier v. U.S.*, 2:13-CV-02257-SRB; *Kehmeier v. U.S.*, 2:10-cv-02684-NVW.

(Doc. 1 at ¶ 5)  After DOJ did not respond to his request, Kehmeier filed this suit alleging that he is entitled to the requested documents.  (Doc. 1)  DOJ's motion to dismiss argues that his request is for research not an "agency record" covered by FOIA.  (Doc. 9)

Analysis.  This Court's jurisdiction over Kehmeier's complaint "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Spurlock v. F.B.I.*, 69 F.3d 1010, 1015 (9th Cir. 1995) (quoting *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150 (1980)).  FOIA does not define "agency record."  5 U.S.C. § 551(1).  However, the case law is clear that "[a]n agency is not required to provide copies of federal regulations or perform legal research for the requester."  *West v. Jackson*, 448 F.Supp.2d 207, 212 (D.D.C. 2006) (citing *Landmark Legal Found. v. EPA,* 272 F.Supp.2d 59, 64 (D.D.C. 2003)).  *See also Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dept. of Treasury*, 534 F.Supp.2d 1126, 1135 (N.D.Cal. 2008) (information or answers are not proper FOIA requests); *Lamb v. I.R.S.*, 871 F.Supp. 301, 304 (E.D.Mich. 1994) ("requests for legal research" are outside the scope of FOIA).

DOJ argues that Kehmeier's request is for research and the Court agrees.  The request is for "records identifying a federal statute." (Doc. 1 at ¶ 5)  This "seem[s] to be nothing more than an effort to secure legal research regarding the Internal Revenue Code from the I.R.S." *Hudgins v. I.R.S.*, 620 F.Supp. 19, 21 (D.C.D.C., 1985).  This is outside the scope of FOIA and, accordingly, outside the scope of the Court's jurisdiction.

Conclusion.  Because Kehmeier's requested documents were not "agency records," the Court does not have jurisdiction over his complaint and it must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction is granted.  (Doc. 9)

Dated this 17th day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge